# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

| | |
|---|---|
| **KENNETH EUGENE CARTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action Nos. 3:17-01337** |
| v. ) | |
| ) | |
| **PRIMECARE MEDICAL AND** ) | |
| **ITS STAFF CAPACITY,** ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is PrimeCare Medical's Motion to Dismiss (Document No. 19), filed on July 31, 2017. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by the Defendant in moving to dismiss. (Document No. 21.) Plaintiff filed his Response in Opposition on September 5, 2017. (Document No. 23.) PrimeCare filed its Reply on September 8, 2017. (Document No. 25.) Having examined the record and considered the applicable law, the undersigned has concluded that PrimeCare's Motion to Dismiss should be granted in part and denied in part.

## FACTUAL BACKGROUND

On February 21, 2017, Plaintiff, acting *pro se*, filed his Complaint claiming entitlement to relief under 42 U.S.C. §1983.[1] (Document No. 2.) Plaintiff names the "PrimeCare Medical

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

and its staff capacity" as the Defendant. (Id., p. 1.) Plaintiff states that he suffered injuries as a result of the use of excessive force by correctional officers on October 17, 2012. (Id.) Plaintiff complains that PrimeCare failed to provide adequate and appropriate medical care for his injuries. (Id.) Plaintiff alleges that medical staff, Jarrod Stewart, misdiagnosed the extent of his injuries. (Id.) As a result of the misdiagnosis and the lack of treatment, Plaintiff alleges that he has suffered a "span of physical damage to one's functions and prolonged duration of agonizing pain with no relieve or no intention of ever correcting injured areas." (Id.) Plaintiff states that Dr. Robert Walker of Mountain State Occupational Medicine recently reviewed Plaintiff's medical records "as a Certified Independent Examiner" and opined that Plaintiff "sustained injuries on 10-17-2012 sufficient to result in an acutely fractured 8th rib, multiple and bilateral rib injuries often result in restrictive lung disease, or the inability to fully expand the chest wall because of scarring at multiple levels and further maintains that the pre-existing tracheal stenosis would certainly be more susceptible to additional damage from the endured trauma sustained." (Id.) Plaintiff further notes that Dr. Walker determined that Plaintiff suffered injuries to his left eye, several ribs, shoulder, leg, and "neck to lower back." (Id.) Plaintiff claims that even after Dr. Walker rendered the above opinion, PrimeCare has failed to take any action "to correct," "seek a cure," or "alleviate the pain" for Plaintiff's conditions. (Id.) As relief, Plaintiff requests that PrimeCare be held "accountable for the mishandling that lead to physical harm, damage, loss of strength, effectiveness, left eye, and prolonged suffering, forcibly fractured bones, broken ribs with no medical treatment and failure to properly treat, negligence resulting in prolong agony of hurt and discomfort such as uncalled for pain." (Id.) As Exhibits, Plaintiff attached a copy of pertinent medical records. (Document Nos. 2-1 and 2-2.)

On April 11, 2017, Plaintiff paid the filing fee. (Document No. 9.) By Order entered on

April 12, 2017, United States Magistrate Judge Cheryl A. Eifert directed the Clerk to issue a summons for the defendant and the U.S. Marshals Service to serve the defendant with the summons and complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure.[2] (Document No. 12.)

On July 31, 2017, PrimeCare filed its Motion to Dismiss and Memorandum in Support. (Document Nos. 19 and 20.) PrimeCare argues that Plaintiff's Complaint should be dismissed based on the following: (1) "Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6)" (Document No. 20, pp. 2 – 3.); (2) "Plaintiff's claims must be dismissed because the applicable statute of limitations has expired" (Id., pp. 3 – 4.); and (3) "To the extent the Plaintiff's Amended Complaint is based upon a violation of his constitutional rights, PrimeCare Medical, Inc. is not a 'person' subject to suit under 42 U.S.C. § 1983" (Id., pp. 4 – 5.).

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on August 1, 2017, advising him of the right to file a response to the PrimeCare's Motion to Dismiss. (Document No. 21.) On September 5, 2017, Plaintiff filed his Response in Opposition. (Document No. 23.) As Exhibits, Plaintiff attaches the following: (1) A copy of his Affidavit (Id., p. 6.); and (2) A copy of a report from Dr. Robert B. Walker, a Certified Independent Examiner (Id., pp. 8 – 11.). On September 8, 2017, PrimeCare filed its Reply. (Document No. 25.)

## THE STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[2] Due to a conflict, the above case was referred to the undersigned on July 20, 2017, for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (Document No. 16.)

U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief." Id. at 556 U.S. at 679, 129 S.Ct. at ___. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can

4

ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

**1.      Dismissal Pursuant to Rule 12(b)(6):**

PrimeCare argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. (Document Nos. 19 and 20.) In support, PrimeCare argues "Plaintiff's Complaint does not state a claim to relief that is plausible on its face because the statute of limitations for the alleged injuries has long since expired." (Document No. 20, pp. 2 – 3.)

A statute of limitations defense constitute an affirmative defense. Thus, such a defense is often inappropriate for disposition under Rule 12(b)(6). See Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007)(stating that a Rule 12(b)(6) challenge that "tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.") An exception exists for the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint …." Id. This exception, however, is strictly construed requiring that all "facts necessary to the affirmative defense 'clearly appear [ ] on the face of the complaint." Id.(quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). Thus, "the question presented in this case is whether the . . . complaint sets forth <u>on its face</u> the facts necessary to conclude that [plaintiff's] claims are barred by the statute of limitations." Id. When ruling upon a Rule 12(b)(6)

5

motion, however, a court "may properly take judicial notice of matters of public record." Phillips v. Pitt City Memorial Hospital, 572 F.3d 176 (4th Cir. 2009). "[T]he most frequent use of judicial notice of ascertainable fact is in noticing the content of court records." Colonial Penn Insurance, Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989). The undersigned, therefore, will take judicial notice of Plaintiff's prior civil action (Case No. 3:14-cv-25636) to assess whether his claims are time-barred. See Massey v. Wriston, 2016 WL 5172811 (S.D.W.Va. Sept. 21, 2016)(J. Johnston)(taking judicial notice of plaintiff's prior *habeas* filing to assess whether his claims were time barred). For the reasons stated below, the undersigned finds that PrimeCare's request for dismissal pursuant to Rule 12(b)(6) should be granted in part and denied in part.

**2.    Statute of Limitations:**

In his Complaint, Plaintiff alleges that he recently learned the full extent of his injuries suffered on October 17, 2012. (Document No. 2, pp. 4 – 7.) Plaintiff contends that PrimeCare and staff, Jarrod Stewart, failed to properly diagnose and provide appropriate medical treatment for the extent of Plaintiff's injuries. (Id.) Plaintiff contends that PrimeCare and Mr. Steward concealed the extent of Plaintiff's injuries, and Plaintiff only recently became aware of the full extent of his injuries. (Id.) Plaintiff explains that PrimeCare and Mr. Steward only diagnosed and treated Plaintiff for having a fracture to his eighth rib. (Id.) Plaintiff explains that when his medical records were review by a Dr. Walker, a Certified Independent Examiner, Plaintiff was informed that he also suffered from multiple right and left sided rib fractures, a fracture of the left clavicle, and wedging of a lower thoracic vertebra. (Id.) Plaintiff further alleges that he recently learned from Dr. Walker that he suffers from restrictive lung disease as a result of the multiple and bilateral rib fractures. (Id.) As an Exhibit to his Complaint, Plaintiff attaches the Dr. Walker's report. (Document No. 2-2.) Specifically, Dr. Walker opined as follows:

> Multiple and bilateral rib injuries often result in restrictive lung disease, or the inability to fully expand the chest wall, because of scarring at multiple levels. This restrictive lung disease can seriously amplify other lung disease, since usual compensation is by breathing deeper and faster. Restrictive lung disease is confirmed in Mr. Carter by pulmonary function testing completed on 12/11/2014.

(Document No. 2-2.) Plaintiff alleges that despite PrimeCare's awareness of his restrictive lung disease, PrimeCare has continuously refused to provide treatment. (Document No. 2, pp. 4 – 7.)

In its Motion to Dismiss, PrimeCare argues that Plaintiff's claims are untimely. (Document Nos. 19 and 20.) PrimeCare contends that Plaintiff's claims are subject to a two-year statute of limitations. (Document No. 20, pp. 3 – 4.) PrimeCare then proceeds to argue that "[a]lthough it is difficult to ascertain whether Plaintiff Carter is attempting to assert that he has newly discovered injuries arising from the 2012 injuries, to the extent he may be asserting that argument, the undated report of Robert B. Walker, MD, MS, attached to Plaintiff's Complaint refutes that argument." (Id., p. 4.) PrimeCare notes that Dr. Walker states that "[a]ll of these subsequent findings are consistent with severe trauma to the chest but cannot necessarily be attributed to the injury of approximately 10/17/2012."[3] (Id.) PrimeCare further asserts that "all of the injuries listed in Dr. Walker's report were included in the earlier complaint filed by Plaintiff Carter in 2014." (Id.) Therefore, PrimeCare concludes that "it is clear in this case that the statute of limitations for the alleged actions or inactions of PrimeCare in 2012 have long since expired." (Id.)

In Response, Plaintiff argues that he was not allowed to seek the opinion of an "outside doctor" until 2016. (Document No. 23, p. 2.) Plaintiff explains that Dr. Walker issued his report on June 17, 2016, and Plaintiff did not receive the report until sometime in November 2016. (Id.)

---

[3] A determination of what injuries were actually suffered by Plaintiff on October 17, 2012, would require a finding of fact. For purpose of a Rule 12(b)(6) Motion, the undersigned must accept as true all of the factual allegations contain in the Complaint.

7

Plaintiff contends that Dr. Walker's report reveals "PrimeCare's wrongful behavioral practice and damaging harm." (Id.) Plaintiff explains that Dr. Walker's report indicates that PrimeCare had prior knowledge of the full extent of Plaintiff's "serious injuries," but PrimeCare "refused to pay attention." (Id., p. 3.) Plaintiff further contends that PrimeCare has continuously failed to provide appropriate treatment for his injuries. (Id.) Plaintiff states that he has continuously requested treatment and offered to pay the expense of treatment from an outside doctor, but PrimeCare has refused all requests for treatment. (Id.) As Exhibits, Plaintiff attaches the following: (1) A copy of his sworn affidavit stating that PrimeCare refused to provide him with copies of his medical records and he did not learn of the extent of his injures until receiving Dr. Walker's June 17, 2016, in November 2016; and (2) A copy of Dr. Walker's report dated June 17, 2016 (Id., pp. 8 – 11.)

In Reply, PrimeCare continues to argue Plaintiff cannot now sue PrimeCare for the same allegations set forth in Case No. 3:14-cv-25636. (Document No. 25.) PrimeCare notes that it was not a defendant in Case No. 3:14-cv-25636 and that case was dismissed following a settlement agreement. (Id.) PrimeCare states that "having received settlement in that case, Mr. Carter is now looking for an additional defendant to sue for the same injuries." (Id.) PrimeCare concludes that Plaintiff "cannot bring a lawsuit against PrimeCare in 2017 for injuries that allegedly occurred in 2012." (Id.)

Construing Plaintiff's Complaint liberally, the undersigned finds that Plaintiff is asserting an Eighth Amendment claim of deliberate indifference to his medical needs and a state law claim of medical malpractice. Concerning Plaintiff's state law claim of medical malpractice, Plaintiff claim is subject to a two-year statute of limitations. West Virginia Code § 55-7B-4.

Concerning Plaintiff's Section 1983 claim of deliberate indifference, Plaintiff must file such a Section 1983 action within the prescribed time period. Because there is no federally prescribed statute of limitation, Courts look to and apply their respective State's statutes of limitation. See Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). The Fourth Circuit has recognized that "in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies." McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), cert. denied, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981). Under West Virginia law, the applicable period of limitation upon a plaintiff's right to file a personal injury is two-years from the time the cause of action accrued. See W.Va. Code § 55-2-12(b).[4]

Although the limitation period is borrowed from State law, the question of when a cause of action accrues is answered according to federal law. See Brooks v. City of Winston-Salem, NC, 85 F.3d 178, 181 (4th Cir. 1996). Under federal law, a cause of action accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim v. Warden, MD House of Corr., 64 F.3d 951, 955 (4th Cir. 1995)(*en banc*), cert. denied, 516 U.S. 1177, 116 S.Ct. 1273, 134 L.Ed.2d 219 (1996)(citing United States v. Kubrick, 444 U.S. 111, 122-24, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). "Accrual of a claim

---

[4] West Virginia Code § 55-2-12 provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

9

does not 'await awareness by the plaintiff that his injury was negligently inflicted.'" Nasim, 64 F.3d at 955 (quoting Childers Oil Co., Inc. v. Exxon Corp., 960 F.2d 1265, 1272 (4th Cir. 1992)). Accordingly, for a Section 1983 action, "a cause of action accrues either when the plaintiff has knowledge of his claim or when he is put on notice -- e.g., by the knowledge of the fact of injury and who caused it -- to make reasonable inquiry and that inquiry would reveal the existence of a colorable claim." Nasim, 64 F.3d at 955. To determine when a plaintiff possessed knowledge of his injury, the Court "may look to the common-law cause of action most closely analogous to the constitutional right at stake as an 'appropriate starting point.'" Brooks, 85 F.3d at 181 (citations omitted).

Furthermore, courts look to State law to determine whether the statute of limitations is tolled with respect to Plaintiff's Section 1983 claim and state law claims. Wallace v. Kato, 549 U.S. 384, 394 (2007)("We have generally referred to state law for tolling rules, just as we have for the length of the statute of limitations."); Rakes v. Rush, 2009 WL 2392097, * 5 (S.D.W.Va. Aug. 4, 2009)(J. Copenhaver)(citing Board of Regents v. Tomanio, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980)). West Virginia recognizes the discovery rule, which tolls the statute of limitations until a claimant knows or by reasonable diligence should know his claim. See Gaither v. City Hospital, Inc., 199 W.Va. 706, 487 S.E.2d 901 (1997); also see Dunn v. Rockwell, 225 W.Va. 43, 53, 689 S.E.2d 255, 265 (2009). The West Virginia Supreme Court discussed the proper application of the discovery rule as follows:

> [T]he statute of limitations begins to run when the plaintiff knows, or by the exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breach that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Dunn v. Rockwell, 225 W.Va. 43, 52-53, 689 S.Ed.2d 255, 264-65(2009)(quoting Gaither v.

City Hospital, Inc., 199 W.Va. 706, 487 S.E.2d 901 (1997)). Typically, a "plaintiff will 'discover' the existence of a cause of action, and the statute of limitations will begin to run, at the same time that the actionable conduct occurs." Id., 225 W.Va. at 53, 689 S.Ed. 2d at 265. A plaintiff is "charged with knowledge of the factual, rather than the legal, basis for the action." Id. The issue of "whether a plaintiff 'knows of' or 'discovered' a cause of action is an objective test" focusing on "whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, the elements of a possible cause of action." Id. Generally, a determination concerning the application of the discovery rule requires "resolution of factual questions by the trier of fact. Id.

The face of Plaintiff's Complaint reveals that Plaintiff suffered injuries as a result of the use of excessive force by correctional officers on October 17, 2012. Plaintiff acknowledges that he filed suit in 2014 against correctional officers seeking relief for injuries he suffered as a result of the use of excessive force (Civil Action No. 3:14-cv-25636). In his instant Complaint, Plaintiff appears to argue that he was aware of only one broken rib at the time of his prior suit. Plaintiff states that he just recently learned the full extent of his injuries, which include injuries to his left eye, several ribs, shoulder, leg, and "neck to lower back." Plaintiff alleges that PrimeCare and its staff failed to properly diagnose and treat his injuries. The undersigned finds that Plaintiff clearly had knowledge of the fact of his above injuries, and who caused them, no later than September 9, 2014. On September 9, 2014, Plaintiff filed his Complaint in Civil Action No. 3:14-25636 alleging that he suffered injuries to his head, left eye, collar bone, legs, and ribs as a result of the use of excessive force on October 17, 2012. (Civil Action No. 3:14-25636, Document No. 1, pp. 4 - 5.) Plaintiff asserted that his "eye, collar [bone] & ribs healed up NEVER being set back into place, [and he] can't see right out of left eye." (Id., p. 5.)

Plaintiff further stated that he filed a grievance complaining that his "injuries [were] in need of checking" but "medical gave the run-around and refused to do anything." (Id., p. 3.) The foregoing clearly reveals that, at the latest, Plaintiff was aware of his above injuries and any lack of medical treatment on September 9, 2014. To the extent Plaintiff is filing a cause of action seeking relief for PrimeCare's failure to treat and properly diagnose the full extent of the injuries to Plaintiff's left eye, ribs, shoulder, leg, and neck, the undersigned finds that such a claim is clearly untimely.

To the extent Plaintiff is seeking relief for PrimeCare's failure to diagnose and provide treatment for Plaintiff's restrictive lung disease, the undersigned finds that such a claim cannot be determined to be untimely based upon the face of the Complaint. On the face of his Complaint, Plaintiff states that he was unaware of his restrictive lung disease until November 2016, when he received a copy of Dr. Walker's report. Although Dr. Walker's report states that Plaintiff's restrictive lung disease is confirmed by pulmonary function testing completed on December 11, 2014, Plaintiff states that PrimeCare has continuously refused to provide him with copies of his medical records. Accordingly, the undersigned cannot find from the face of the Complaint that Plaintiff's claim concerning the failure to diagnose and provide treatment for his restrictive lung disease is untimely.

Based on the foregoing, the undersigned recommends that PrimeCare's Motion to Dismiss be granted in part and denied in part. Specifically, the undersigned recommends that PrimeCare's Motion be granted as to Plaintiff's claim concerning PrimeCare's failure to properly diagnose the full extent of Plaintiff's injuries to his left eye, ribs, shoulder, leg, and neck. The undersigned recommends that PrimeCare's Motion be denied as to Plaintiff's claim concerning PrimeCare's failure to diagnose and provide treatment for his restrictive lung disease.

### 3.	Improper Party:

In its Motion to Dismiss, PrimeCare argues that "[t]o the extent the Plaintiff's Amended Complaint is based upon a violation of his constitutional rights, PrimeCare Medical, Inc. is not a 'person' subject to suit under 42 U.S.C. § 1983. (Document Nos. 19 and 20.) Citing Little v. Tygarts Valley Regional Jail, 2013 WL 57447800 (N.D.W.Va. 2013)[5], PrimeCare argues that it is not a "person" for purpose of Section 1983 and is not a proper defendant in a case filed by an inmate. (Document No. 20, p. 5.) PrimeCare concludes that because it "is not a person subject to suit under 42 U.S.C. § 1983 and because the Plaintiff has not pled any allegations against it involving policies or customs of deliberate indifference, all claims against it in this matter should be dismissed pursuant to Rule 12(b)(6)." (Id.)

In Response, Plaintiff requests permission to amend his Complaint to include the names of medical staff. (Document No. 23, pp. 1 – 2.) Plaintiff notes that he included the name of Jarrod Stewart in the fact section of his Complaint. (Id.) Plaintiff further contends that the identity of other medical staff is unknown because staff "are not required to put on name tags or to give their names, only staff positions." (Id., p. 2.) Plaintiff files a sworn affidavit stating that "PrimeCare Medical ignored all my requests for medical records as well the names of employees who served at the time of injury incident." (Id., p. 6.) Plaintiff contends that medical staff conceal their identity so they cannot be held responsible for their deliberate indifference and medical negligence. (Id.) Finally, Plaintiff states that PrimeCare has a "wrongful behavioral practice and damaging harm." (Id., p. 2.)

"[F]ederal courts must take cognizance of the valid constitutional claims of prison

---

[5] In Little, the Northern District dismissed PrimeCare after determining that PrimeCare was "not a 'person' for purposes of 42 U.S.C. § 1983, and there [were] no allegations against it involving policies or customs of deliberate inference."

inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. A private entity that contracts with the State to provide medical services acts "under color of state law." West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1998); also see Monell v. Dep't of Soc. Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)(A corporation acting under color of State law can be held liable under Section 1983 only for unconstitutional policies and practices.); Motto v. Correctional Medical Services, 2007 WL 2897854 (S.D.W.Va. Sept. 27, 2007). PrimeCare is a contracted medical provider of the West Virginia Regional Jail and Correctional Facility Authority, which provides health care services to inmates in West Virginia's regional jails. Since PrimeCare is a contracted medical provider for a state agency, the deliberate indifference standard is applicable to the conduct of PrimeCare and its employees. Mullins v. Prime Care Medical, Inc., 2014 WL 1260378, * 9 (S.D.W.Va. March 27, 2014)(J. Johnston); also see Edwards v. State, 2002 WL 34364404, * 12 (S.D.W.Va. March 29, 2002)(J. Goodwin)("To state a case against PrimeCare, [plaintiff] must show that a policy or custom or ratification of a policy or custom and procedure by PrimeCare caused a constitutional violation."); Kinder v. PrimeCare Medical, Inc., 2015 WL 1276748, *9 (S.D.W.Va. March 19, 2015). "[A] private corporation is liable under § 1983 *only* when the official policy or custom of

14

the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)(emphasis in original). A private corporation, however, cannot be held liable under the doctrine of *respondeat superior* for the individual actions of its employees. Id. at 727; see also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). To succeed, Plaintiff must show that the official charged acted personally in the deprivation of plaintiff's rights.

Liberally construing Plaintiff's Complaint, Plaintiff appears to allege that PrimeCare has a policy or custom of failing to provide medical care despite knowledge that such treatment is necessary. Plaintiff alleges that PrimeCare was notified of his restrictive lung disease by Dr. Walkers, but made no efforts to treat the condition. Plaintiff appears to allege that the foregoing is consistent with PrimeCare's practice of concealing the full extent of injuries or medical conditions from inmates, thereby allowing PrimeCare to withhold necessary treatment. Liberally construing the Complaint, Plaintiff further appears to allege that PrimeCare has a custom or policy of withholding medical records to conceal the lack of necessary medical treatment and to prevent the naming of its staff in lawsuits. Liberally construing Plaintiff's Complaint and accepting the factual allegations as true for purposes of considering the motion to dismiss, the undersigned finds that Plaintiff has stated a plausible claim against PrimeCare. Furthermore, if a *pro se* Complaint can be remedied by an amendment, the Court may not dismiss the Complaint, but must permit the amendment. Denton, 504 U.S. at 34, 112 S.Ct. at 1734. In the instant case, Plaintiff has specifically requested that the Court allow him to amend his Complaint to name individual defendants. To the extent Plaintiff does not know the identity of the defendants, Plaintiff may name John Doe defendants where the "true identity of an unnamed party can be discovered through discovery or through intervention by the Court." Price v. Marsh, 2013 WL

5409811, * 5 (S.D.W.Va. Sept. 25, 2013)(J. Goodwin)(quoting <u>Schiff v. Kennedy</u>, 691 F.2d 196, 198 (4th Cir. 1982); <u>also see</u> <u>Sweat v. State of West Virginia</u>, 2016 WL 7422678 (S.D.W.Va. Dec. 22, 2016)(J. Chambers)("[T]he fact that Plaintiffs failed to name the unknown officers in the complaint will not require dismissal. This Court allows John Doe defendants if the names can be found in discovery and complaints are timely amended."). Accordingly, the undersigned recommends that PrimeCare's Motion to Dismiss be denied concerning PrimeCare's claim that it is not a proper party.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT in part and DENY in part** Defendant's Motion to Dismiss (Document No. 19). Specifically, the undersigned recommends that Defendant's Motion to Dismiss be (1) **GRANTED** as to Plaintiff's claim concerning PrimeCare's failure to properly diagnose the full extent of Plaintiff's injuries to his left eye, ribs, shoulder, leg, and neck, and (2) **DENIED** as to Plaintiff's claim concerning PrimeCare's failure to diagnose and provide treatment for Plaintiff's restrictive lung disease.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to

which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: November 28, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge