# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KENNETH EUGENE CARTER,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 3:17-1337

PRIMECARE MEDICAL AND
ITS STAFF CAPACITY,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, filed his Complaint on February 21, 2017. ECF No. 2. Defendant responded to Plaintiff's Complaint by filing a Motion to Dismiss on July 31, 2017. ECF No. 19. After consideration of Defendant's Motion, Magistrate Judge Omar J. Aboulhosn filed the present Proposed Findings and Recommendation (PF&R) on November 28, 2017 in which he recommends that Defendant's Motion be granted in part and denied in part. ECF No. 26. Both parties filed timely objections to the PF&R. ECF Nos. 29, 32. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R.

    **I.**    **Background**

In his Complaint, Plaintiff alleges that he was unlawfully beaten at the Western Regional Jail on or about October 17, 2012. ECF No. 2, at 5. Plaintiff asserts that, as a result of the beating, he sustained injuries to his "left side eye, ribs, shoulder, leg, and neck to lower back . . ." *Id*. Plaintiff further alleges that he has been diagnosed with "restrictive lung disease" as a result of the beating. *Id*., at 6. In support of these allegations, Plaintiff offers the report of Dr. Robert Walker

as an attached Exhibit. ECF No. 2-2. Dr. Walker's report includes confirmation that Plaintiff suffered the complained-of injuries and that restrictive lung disease was "confirmed . . . by pulmonary function testing completed on [December 11, 2014]." *Id*.

Plaintiff argues that, after he sustained these injuries at the Western Regional Jail, Defendant had a duty to provide reasonable medical care and treatment to Plaintiff. ECF No. 2, at 5. Plaintiff alleges that no such reasonable care was provided and that, as a result, he suffered "prolong[ed] agony of hurt and discomfort [and] uncalled for pain." *Id*., at 7.

Defendant does not dispute Plaintiff's suffering of the alleged injuries, but argues in its Motion to Dismiss that Plaintiff's claims should nevertheless be dismissed because the applicable statute of limitations has expired. ECF No. 20, at 3. Defendant asserts that Plaintiff admits he suffered the alleged injuries in October 2012, more than four years before he brought the present suit. *Id*., at 4. In addition to the fact that the injuries were suffered in 2012, Defendant argues that Plaintiff certainly knew of all of the injuries he now complains of because he alleged them in an earlier suit he filed in 2014. *Id*. Accordingly, Defendant argues that the applicable two-year statute of limitations has run and Plaintiff's claims are time barred. *Id*.

The Magistrate Judge, construing the Complaint in a light most favorable to Plaintiff, found that Plaintiff has plausibly pled both constitutional and state law claims. ECF No. 26, at 8. To the extent that Plaintiff pleads a state law claim of medical malpractice, the Magistrate Judge found that a two-year statute of limitations should apply. *Id*. To the extent that Plaintiff pleads a Section 1983 claim of deliberate indifference, the Magistrate Judge found that a two-year statute of limitations should also apply to this claim. *Id*., at 9.

In consideration of the applicable statutes of limitations, the Magistrate Judge found that Plaintiff knew of the injuries to his left eye, ribs, shoulder, leg, and neck no later than September

9, 2014, the date on which he filed the previous suit in this case. ECF No. 26, at 11. Even if this was the date of accrual under West Virginia's discovery rule, the Magistrate Judge found, Plaintiff's time to file against Defendant to recover for these injuries expired before Plaintiff filed the present Complaint. *Id*. Accordingly, the Magistrate Judge recommends that the Court dismiss Plaintiff's Complaint to the extent that Plaintiff seeks to recover for these injuries. *Id*., at 16.

Regarding Plaintiff's claim of restrictive lung disease, however, the Magistrate Judge found that this injury was not previously known to Plaintiff in the same way his other injuries were. ECF No. 26, at 12. Reading the Complaint in a light most favorable to Plaintiff, the Magistrate Judge found that Plaintiff only discovered his diagnosis of restrictive lung disease in November 2016 and that, as such, the statute of limitations pertaining to this claim did not begin to run until that date. *Id*. Accordingly, the Magistrate Judge found that Plaintiff's claim relating to the injury of restrictive lung disease was not time barred under the relevant statute of limitations. *Id*. He therefore recommends that the Court deny Defendant's Motion to Dismiss insofar as it relates to this claim. *Id*., at 16.

Both Plaintiff and Defendant filed timely objections to the Magistrate Judge's findings and recommendations. Plaintiff raised four objections to the PF&R: (1) because the complained-of injuries are of a continuing nature, an exception should be made as to the application of the statute of limitations; (2) Plaintiff did not mean to plead and wishes to withdraw state-law malpractice claims against Defendant; (3) Defendant's knowledge of Plaintiff's injuries and its failure to treat Plaintiff is a question of fact to be determined by a factfinder; and (4) Defendant's negligence is ongoing and continues to cause Plaintiff harm. ECF No. 29, at 3–4.

Defendant's sole objection rests upon the fact that Plaintiff was transferred out of Western Regional Jail in December 2012 and that Defendant is not responsible for providing medical

services to the inmates of the facility to which Plaintiff was transferred. ECF No. 32, at 3. Defendant admits that it was responsible for Plaintiff's medical care at the time he suffered the alleged injuries in October 2012, but asserts that its responsibility to Plaintiff ended when Plaintiff was transferred in December 2012. *Id.* Accordingly, Defendant argues, it cannot be held responsible for inflicting a continuing injury upon Plaintiff as Plaintiff alleges. *Id.*

## II. Standards of Review

### a. Standard of Review of PF&R

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### b. Standard of Review of Motion to Dismiss

The Court may properly dismiss a plaintiff's complaint if the plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). The plaintiff's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant is entitled to dismissal if the plaintiff has failed to state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547.

This standard becomes less rigorous, though, when a plaintiff brings his case without the assistance of counsel. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). When a plaintiff brings his case pro se, the Court considering a defendant's motion to dismiss must hold the pro se plaintiff's complaint to a less stringent standard than it would if the plaintiff had legal representation. *Id*. It is only when it is "beyond doubt" that a pro se plaintiff "can prove no set of facts in support of his claim which would entitle him to relief" that the Court should grant a motion to dismiss in the defendant's favor. *Id*.

### III. Discussion

#### a. Plaintiff's Objection 1: Continuing Injury

Plaintiff first argues that the Magistrate Judge's recommendation to dismiss his claims as they relate to injuries to his left eye, ribs, shoulder, leg, and neck is in error because Plaintiff suffers an ongoing injury and, as such, the statute of limitations has not expired. ECF No. 29, at 3. For reasons explained herein, the Court finds that the alleged violation is no longer continuing in nature and that the statute of limitations has run as to Plaintiff's claims pertaining to injuries to his left eye, ribs, shoulder, leg, and neck.

There has been no objection made to the Magistrate Judge's finding that the applicable statute of limitations for Plaintiff's claims is two years. Plaintiff's objection is instead aimed at the time his cause of action accrued given the alleged continuing nature of his injuries. The Court, then, limits its review to the issues of tolling and accrual presented by Plaintiff's claim that his injuries are ongoing.

As a preliminary matter, the Court notes that "[w]hile the statutory limitations period for § 1983 actions is borrowed from state law, the time of accrual of a civil rights action is a question of federal law." *Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1162 (4th Cir. 1991) (internal

quotation and citation omitted). In the Fourth Circuit, "[t]he statute of limitations will be tolled if the injuries are of a 'continuing' nature." *Cooper v. Norfolk and Western Ry. Co.*, 870 F.Supp. 1410, 1416 (S.D.W.Va. 1994) (quoting *West Virginia Human Rights Comm'n v. United Transp. Union*, 280 S.E.2d 653 (W. Va. 1981)). To be continuing for purposes of tolling the statute of limitations, an alleged wrong must be a "fixed and continuing practice." *Nat'l Advert. Co.*, 947 F.2d at 1166. It is not enough that a plaintiff continue to suffer "ill effects from an original violation." *Id*. A plaintiff must allege that there have been "continual unlawful acts." *Id*.

Plaintiff argues that his claims regarding injuries to his eye, ribs, shoulder, leg, and neck should not be dismissed even though he was aware of these injuries in 2012 because these alleged injuries are continuing. ECF No. 29, at 3. He presumably asserts that the statute of limitations on these claims has not expired because it began to run anew with each day he did not receive treatment for the injuries. *Id*. In support of this objection, Plaintiff cites to *Heard v. Sheahan*. 253 F.3d 316 (7th Cir. 2001). In that case, the Seventh Circuit considered the complaint of a plaintiff who alleged an Eighth Amendment violation on the basis that he had suffered a hernia in jail and that, despite a "prominent bulge in his groin," the medical provider at the jail where he had been held had refused to provide medical attention for months. *Id*., at 317. The plaintiff in that case additionally alleged that, even after the jail's medical provider had seen him and diagnosed him with a hernia, recommending surgical treatment, the jail had "refused to act on the recommendation." *Id*. The Seventh Circuit found that "[e]very day that [the defendants] prolonged [the plaintiff's] agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew." *Id*., at 318.

There is a key distinction between Plaintiff's case and the circumstances surrounding the court's findings in *Heard*, however. In *Heard*, the plaintiff was held in the same facility, under the

care of the same medical provider, for the entire period of the applicable statute of limitations. 253 F.3d 316. The same healthcare provider that had allegedly refused to diagnose and treat that plaintiff was responsible for that plaintiff's medical care throughout the relevant time period. *Id*. Each day that provider failed to reasonably treat the plaintiff, the court found, was a new injury inflicted upon him. *Id*. In Plaintiff's case, however, Defendant was only responsible for Plaintiff's medical care until December 2012, at which point in time Plaintiff was transferred to a prison facility at which Defendant was no longer responsible for Plaintiff's medical care.[1]

"Where a tort involves a continuing or repeated injury, the cause of action accrues at and the statute of limitations begins to run from the date of the last injury or when the tortious overt acts or omissions cease." *Smith v. Allred*, 2016 WL 1274593, at *11 (S.D.W.Va. 2016) (unpublished opinion) (internal quotation and citation omitted). Plaintiff claims that he was injured in October 2012 and that Defendant failed to reasonably diagnose and treat his injuries. ECF No. 2. Even if Plaintiff's injuries and Defendant's cause thereof were continuing in nature, Defendant's duty to provide medical care to Plaintiff ended when Plaintiff was transferred in December 2012 to a prison facility at which Defendant is not a medical service provider. Accordingly, then, the date of the last injury, or the date on which the alleged acts or omissions ceased, was, at the latest,

---

[1] "In reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Additionally, the Court's decision to take judicial notice of matters of public record does not automatically require that the Court then treat a motion to dismiss as a motion for summary judgment. *Corbett v. Duerring*, 780 F.Supp. 486, 492 (S.D.W.Va. 2011). The Court may properly consider a Rule 12(b)(6) motion to dismiss in the context of relevant matters of public record. *Id*. A defendant's incarceration status is a matter of public record. According to the relevant West Virginia Division of Corrections records, Plaintiff was incarcerated at Mount Olive Correctional Complex (MOCC) on December 14, 2012. Defendant does not provide medical services to inmates at MOCC. ECF No. 32-1. Accordingly, the Court takes judicial notice that Defendant has not been Plaintiff's medical care provider since December 2012.

December 14, 2012. This is the latest date on which Plaintiff's present cause of action could have accrued.[2]

As the Magistrate Judge found, the applicable statute of limitations for Plaintiff's claims is two years. Even if the Court was to agree with Plaintiff that his injuries were continuing in nature after the October 2012 altercation, those injuries ceased continuing upon his transfer out of Defendant's care in December 2012, over four years before Plaintiff filed the present action. Clearly, then, Plaintiff's claims relating to his eye, ribs, shoulder, leg, and neck are time barred. Accordingly, Plaintiff's first objection is **OVERRULED**.

### b. Plaintiff's Objection 2: State Law Claims

In his second enumerated objection, Plaintiff purports to withdraw "any malpractice allegations" and, to the Court's understanding, attempts to clarify that he pleads only constitutional law claims in his Complaint. ECF No. 29, at 3. In the PF&R, the Magistrate Judge considered the issue of the applicable statute of limitations at length. ECF No. 26, 6–13. In his consideration thereof, the Magistrate Judge included the following language: "Construing Plaintiff's Complaint liberally, the undersigned finds that Plaintiff is asserting an Eighth Amendment claim of deliberate indifference to his medical needs and a state law claim of medical malpractice." ECF No. 26, at 8. Plaintiff's objection now purportedly aims to narrow this finding and remove any allegations of state law malpractice otherwise sufficiently pled in his Complaint. ECF No. 29, at 3.

---

[2] This is the latest date on which Plaintiff's present cause of action could have accrued in the context of relevant continuing injury doctrine. The Magistrate Judge included discussion of the relevant discovery rule in the PF&R, finding that the discovery rule could perhaps bring the Court to a conclusion that Plaintiff did not discover his injuries until 2014 and that the statute of limitations therefore did not begin to run until that time. Even if the Court accepted this as true, however, the Magistrate Judge found that the discovery rule nevertheless does not save Plaintiff's claims from the expiration of the relevant statute of limitations. Neither party objected to those findings and the Court accordingly accepts them without further discussion.

The Court finds that the Magistrate Judge only defined Plaintiff's claims in the context of identifying and applying the proper statute of limitations. The Magistrate Judge's discussion of Plaintiff's state law and constitutional law claims was limited to clarify the context of the applicable statute of limitations and did not exceed those boundaries for purposes of disposing of or preserving any of Plaintiff's claims. The Magistrate Judge properly construed Plaintiff's Complaint liberally, and the Court agrees with the Magistrate Judge that Plaintiff's claims are plausible under either state law or constitutional law. Accordingly, Plaintiff's second objection is **OVERRULED**.

### c. Plaintiff's Objection 3: Defendant's Knowledge

With his third enumerated objection, Plaintiff states that "it will never be known if [Defendant] had knowledge or failed to take notice to records or Plaintiff requests . . ." ECF No. 29, at 4. The Court understands this objection to mean that the issue of whether Defendant had knowledge such that it had a duty to diagnose and treat Plaintiff for restrictive lung disease is a question of fact and that, accordingly, it would be premature to dismiss Plaintiff's claims on this basis at this time. The Court finds that the Magistrate Judge does not recommend that the Court reach a conclusion of fact as to Defendant's knowledge or duty of care owed to Plaintiff. The Magistrate Judge bases his recommendations largely on the legal issue of the applicable statute of limitations and does not reach questions or conclusions of fact at this time. Accordingly, Plaintiff's third objection is **OVERRULED**.

### d. Plaintiff's Objection 4: Continuing Injury

Plaintiff's fourth objection states: "Had the Defendants at any time cease beliefs to disregard, further injury would have been avoided." The Court understands this objection to mirror

Plaintiff's first objection regarding the ongoing nature of his injuries. The Court therefore refers back to its earlier discussion of this claim and **OVERRULES** Plaintiff's fourth objection.

### e. Defendant's Objection: Transfer of Custody

Defendant argues that the Court should reject the Magistrate Judge's proposed finding that Plaintiff's claim that Defendant failed to diagnose and provide treatment for Plaintiff's restrictive lung disease is not untimely. ECF No. 32, at 2. Defendant asserts that Plaintiff's allegation "could not possibly be truthful" because, even though Defendant was Plaintiff's medical care provider at the time of the alleged injuries in 2012, Defendant stopped being responsible for Plaintiff's medical care after Plaintiff was transferred to another prison facility in December 2012. *Id*. Defendant argues that, because Plaintiff has not been treated by Defendant since December 2012, Defendant cannot be held liable for failure to treat Plaintiff's restrictive lung disease as it was "revealed in Dr. Walker's 2016 report . . ." *Id*.

As noted above, Plaintiff's claims of ongoing injury do not hold weight in the Court's decision of Defendant's Motion to Dismiss. To whatever extent Plaintiff claims that Defendant has continued to injure him since 2012, the Court declines to find that any action of Defendant since 2012 has caused Plaintiff new injury. Ongoing suffering, however, is a different matter. To the extent that Plaintiff claims ongoing suffering, the Court notes that the suffering may be properly attributable to the injuries Plaintiff claims he suffered in 2012 – the injury in question being Defendant's alleged failure to reasonably diagnose and treat Plaintiff in 2012.

Defendant does not object to the Magistrate Judge's finding that Plaintiff only recently learned of his restrictive lung disease, nor does Defendant object to the Magistrate Judge's application of the relevant statute of limitations given this recent discovery. So, then, reading the Complaint in the light most favorable to Plaintiff, Plaintiff claims that he was injured in 2012 by

Defendant's failure to diagnose and treat his restrictive lung disease. It is undisputed that Plaintiff was a patient of Defendant at the time of this alleged injury. Just because Plaintiff did not discover the injury until 2016, when he was no longer in the care of Defendant, does not absolve Defendant of the responsibility it may have had to Plaintiff while he was under its care in 2012. Accordingly, Defendant's objection is **OVERRULED**.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS AND INCORPORATES** the Magistrate Judge's PF&R. Defendant's Motion to Dismiss, ECF No. 19, is **GRANTED in part** and **DENIED in part**. Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's claim concerning Defendant's failure to properly diagnose the full extent of Plaintiff's injuries to his left eye, ribs, shoulder, leg, and neck, and **DENIED** as to Plaintiff's claim concerning Defendant's failure to diagnose and provide treatment for Plaintiff's restrictive lung disease. This case is **REFERRED BACK** to the Magistrate Judge for further proceedings consistent with this Memorandum Opinion and Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 22, 2018

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE