# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KENNETH EUGENE CARTER,

    Plaintiff,

v.                         CIVIL ACTION NO. 3:17-1337

PRIMECARE MEDICAL, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's objections to the Proposed Findings and Recommendation ("PF&R") regarding Defendant PrimeCare Medical's ("PrimeCare") Motion for Summary Judgment, ECF No. 58. ECF No. 108. For the following reasons, the Court **ADOPTS AND INCORPORATES HEREIN** the Magistrate Judge's PF&R, ECF No. 96, and **GRANTS** PrimeCare's Motion for Summary Judgment, ECF No. 58.

## I. PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint on February 21, 2017. ECF No. 2. Defendant responded to Plaintiff's Complaint by filing a Motion to Dismiss on July 31, 2017. ECF No. 19. This Court adopted the PF&R, ECF No. 26, and granted in part and denied in part the Motion to Dismiss. ECF No. 33. Plaintiff then filed the Amended Complaint on August 17, 2018. ECF No. 46. On September 11, 2018, PrimeCare filed the Motion for Summary Judgment. ECF No. 58. After consideration of Defendant's Motion, Magistrate Judge Omar J. Aboulhosn filed the present PF&R on May 20, 2019, in which he recommends that Defendant's motion be granted. ECF No. 96. Plaintiff filed timely objections to the PF&R. ECF No. 108.

## II. LEGAL STANDARD

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In doing so, the Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, however, is not required to review the factual or legal conclusions of the Magistrate Judge to which no objections are made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

When a party acts *pro se*, the Court must liberally construe his pleadings and objections. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, failure to raise specific errors waives the right to *de novo* review because "general and conclusory" objections do not warrant such review. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D. W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Moreover, incoherent objections and those which largely reiterate the same facts and legal arguments raised before the magistrate judge are similarly not entitled to review. *Reynolds v. Saad*, No. 1:17-124, 2018 WL 3374155, at *2 (N.D. W. Va. July 11, 2018), *aff'd,* 738 F. App'x 216 (4th Cir. 2018).

## III. DISCUSSION

After multiple readings and affording the outermost bounds of a liberal interpretation, the Court struggles to find a comprehensible, specific objection. Plaintiff numbers his paragraphs, but each is largely a regurgitation of the legal standard or a muddled string of generalized complaints. In an effort to dutifully fulfill its role, the Court addresses Plaintiff's objections insofar as it can find a direct, cogent argument.

The first enumerated objection is a generalized one and pertains to the Magistrate Judge's findings on Plaintiff's Eighth Amendment and negligence claims. In support of this, Plaintiff states these findings are based "on not fully disclosed antecedent incidence of judicial standard of precaution," and states that there were elements where his "strategy was to reveal at trial." As discovery has concluded in this matter, Plaintiff must have introduced all relevant evidence at this point. This objection is otherwise unspecified, and thus **OVERRULED**.

In numerals two through ten, Plaintiff recites elements of vicarious liability and *respondeat superior*, but makes no objections to the PF&R itself. Insofar as these are a generalized objections to the PF&R's findings on Plaintiff's negligence claims, they are **OVERRULED**.

The last part of Plaintiff's objections, labeled "11," states that Defendants "failed discovery expectations of releasing and forwarding a copy of their, PrimeCare's policy procedure/directive[.]" and cites ECF No. 43. This is not an objection to the PF&R, and any ability to compel discovery that Plaintiff deems inadequate was waived after thirty days without good cause, which was not argued or shown. L. R. Civ. P. 37.1(c). To the extent that this objects to the PF&R is based on missing evidence, it is **OVERRULED**.

## IV. CONCLUSION

For the above listed reasons, the Court **ADOPTS AND INCORPORATES** Magistrate Judge Aboulhosn's PF&R, ECF No. 96, **GRANTS** PrimeCare's Motion for Summary Judgment, ECF No. 58, and **REFERS** this case back to the magistrate judge for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: July 30, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE