# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

KENNETH EUGENE CARTER,

        Plaintiff,

v.                                    CIVIL ACTION NO. 3:17-1337

KATHY WEEKLY,
BEREA PORTER, and
JARROD STEWART,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Kenneth Carter's Objections to the Proposed Findings and Recommendation ("PF&R") issued on October 7, 2019, by Magistrate Judge Omar Aboulhosn. ECF Nos. 114, 110. For the reasons below, the Court **OVERRULES** Carter's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R. Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment, ECF No. 97.

### I. BACKGROUND

Acting pro se, Carter filed a suit against PrimeCare Medical in February 2017 seeking relief under 42 U.S.C. § 1983. ECF No. 2. Carter alleges he suffered injuries as a result of excessive force used by correctional officers on October 17, 2012, and that PrimeCare failed to provide appropriate medical care. *Id.* at 4–7. Carter alleges medical staff member Jarrod Stewart misdiagnosed the extent of his injuries and his condition worsened as a result of the misdiagnosis and lack of treatment. *Id.* Carter states that Dr. Robert Walker reviewed Carter's medical records as a "Certified Independent Examiner" and opined that Carter "sustained injuries [on] 10-17-2012

sufficient to result in an acutely fractured 8th rib, multiple and bilateral rib injuries often result in restrictive lung disease, or the inability to fully expand the chest wall because of scarring at multiple levels and further maintains that the pre-existing tracheal stenosis would certainly be more susceptible to additional damage from the endured trauma sustained." *Id*. at 6. Carter also claims he suffered injuries to his left eye, several ribs, shoulder, leg, and neck to lower back during the October 17 incident. *Id*. at 5. As relief, Carter requests PrimeCare be held accountable for its failure to provide proper treatment. *Id*. at 7–8.

On March 22, 2018, the Court adopted Magistrate Judge Aboulhosn's Proposed Findings and Recommendation and granted in part and denied in part PrimeCare's Motion to Dismiss. ECF No. 33. Specifically, the Court dismissed Carter's claim concerning PrimeCare's failure to properly diagnose the extent of injury to Carter's left eye, ribs, shoulder, leg, and neck. *Id*. However, the Court allowed Carter's claim concerning PrimeCare's failure to diagnose and treat his restrictive lung disease to proceed. *Id*.

Carter filed an Amended Complaint on August 17, 2018. ECF No. 46. He named Maria Porter, Kathy Weekly, and Jarrod Steward as additional defendants. *Id*. Berea Porter was later substituted for Maria Porter. ECF No. 54.

On September 11, 2018, PrimeCare filed a Motion for Summary Judgment. ECF Nos. 58, 59. The Court adopted Magistrate Judge Aboulhosn's Proposed Findings and Recommendation and granted the Motion, which terminated PrimeCare as a party. ECF No. 109.

On May 22, 2019, defendants Porter, Stewart, and Weekly filed their Motion for Summary Judgement. ECF Nos. 97, 98. Magistrate Judge Aboulhosn issued his Proposed Findings and Recommendation on October 7, 2019, recommending that the Court grant the defendants' Motion for Summary Judgment. ECF No. 110. Carter subsequently filed his Objections. ECF No. 114.

## II. LEGAL STANDARD

Where a party is proceeding *pro se*, the Court will liberally construe his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In reviewing objections to a PF&R, the Court must conduct a *de novo* review of those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). On the other hand, the Court is not obligated to review factual and legal conclusions to which a party does *not* object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor is the Court tasked with conducting *de novo* review of "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)) (reasoning that "vague objections to the magistrate judge's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless"). Finally, the Court possesses the wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Carter's Objections mostly contain very general criticisms of the PF&R and matters beyond the PF&R's scope, such as Carter's ability to obtain counsel. *See* ECF No. 114. In construing the Objections liberally, the Court deduces the following two specific objections.

First, Carter argues Magistrate Judge Aboulhosn falsely stated: "Plaintiff claims that even after Dr. Walker rendered the above opinion, PrimeCare failed to take any action 'to correct,' 'seek a cure,' or 'alleviate the pain' for Plaintiff's Conditions." ECF No. 114, at 1–2 (citing ECF No. 110, at 2). Carter interprets this sentence as falsely stating PrimeCare employed Dr. Walker. *Id.* However, Carter's interpretation is unreasonable because the PF&R's description of Dr. Walker

as a "Certified Independent Examiner" makes clear that Carter obtained Dr. Walker's services independent of PrimeCare. ECF No. 110, at 2. Carter also argues the sentence incorrectly implies Dr. Walker released his medical opinion to PrimeCare. ECF No. 114, at 2. However, whether or not Dr. Walker released his opinion to PrimeCare is inconsequential to the PF&R's analysis of Carter's claims. Therefore, the Court **OVERRULES** this objection.

Carter's second objection involves the introduction of new evidence. Carter includes as exhibits medical records ranging from June 2011 to May 2012 and a Social Security Administrative Decision from April 2012. ECF Nos. 114-1–114-6. He directs the Court to an operative report related to treatment for Carter's tracheal stenosis (ECF No. 114-2, at 2, 5) and the Social Security Administration's conclusion that Carter "avoid all exposure to extreme cold, extreme heat and respiratory irritants" due to his tracheal stenosis (ECF No. 114-6, at 4). He argues these exhibits undermine the PF&R's conclusion that the record "is void of any indication that Defendants knew Plaintiff was experiencing symptoms of restrictive lung disease and failed to provide appropriate treatment." ECF No. 110, at 17. However, these exhibits only point to the defendants' knowledge of breathing issues related to Carter's tracheal stenosis, which is different from restrictive lung disease. And, as Magistrate Judge Aboulhosn found, the record shows PrimeCare and the defendants treated Carter's tracheal stenosis while he was under their care. ECF No. 110, at 17 (citing ECF No. 97-2). Thus, these exhibits do not indicate the defendants knew Plaintiff was experiencing restrictive lung disease and failed to provide appropriate treatment. The Court **OVERRULES** the objection.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Carter's Objections and **ADOPTS AND INCORPORATES HEREIN** the PF&R, ECF No. 110. Accordingly, the Court **GRANTS**

Defendants' Motion for Summary Judgment, ECF No. 97, and **ORDERS** this case stricken from its docket. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to Plaintiff, who is acting pro se, and counsel of record.

ENTER: February 25, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE